733 So.2d 1191 (1999)
STATE of Louisiana
v.
Henry REYNOLDS.
No. 98-K-2281.
Supreme Court of Louisiana.
April 16, 1999.
Richard P. Ieyoub, Atty. Gen., Paul D. Connick, Jr., Dist. Atty., Terry M. Boudreaux, Gretna, Rebecca J. Becker, New Orleans, for Applicant.
Katherine M. Franks, Bruce G. Whittaker, New Orleans, for Respondent.
PER CURIAM.[*]
Defendant, Henry L. Reynolds, was charged with two counts of distribution of cocaine in violation of La. R.S. 40:967(A). Defendant, represented by counsel, pled "guilty" to both counts pursuant to a plea bargain reached with the state. His guilty pleas were accepted and he was convicted and sentenced in accordance with the plea bargain agreement.
Defendant appealed. After reviewing the record, the court of appeal found that the trial judge erred by failing to fully comply with La.Code Crim. P. art. 556.1 and reversed defendant's convictions and sentences. Upon application of the state, we granted certiorari to review the correctness of that ruling.
Subsequent to our grant of certiorari in this case, defendant filed into the record an affidavit attesting that after discussion of the case and its possible outcomes with counsel, defendant agreed with the state's position that his convictions and sentences *1192 should not have been reversed by the court of appeal. In view of defendant's representation that he wishes to retain the benefits of the plea agreement entered into and that he stands by his guilty pleas, we deem it appropriate to vacate the ruling of the court of appeal which reversed his convictions and sentences.
Accordingly, the decision of the court of appeal is vacated and set aside. Defendants convictions and sentences are reinstated.
NOTES
[*] Johnson, J. not on panel. Rule IV, Part 2, § 3.