802 So.2d 772 (2001)
STATE of Louisiana
v.
Gregory PERRILLOUX.
No. 01-KA-509.
Court of Appeal of Louisiana, Fifth Circuit.
November 14, 2001.
*773 Paul D. Connick, Jr., District Attorney, Terry M. Boudreaux, Thomas J. Butler, Assistant District Attorneys, Gretna, LA, Attorneys for Plaintiff/Appellee.
Amy C. Ellender, Louisiana Appellate Project, Mer Rouge, LA, Attorney for Defendant/Appellant.
Panel composed of Judges SOL GOTHARD, SUSAN M. CHEHARDY, and WALTER J. ROTHSCHILD.
SOL GOTHARD, Judge.
This is a criminal appeal from a guilty plea made by defendant, Gregory Perrilloux, to a multiple bill of information which charged him as being a second felony offender, and the resultant sentence of six years at hard labor without benefit of probation *774 or suspension of sentence. For reasons that follow, we affirm.
Defendant was charged by bill of information on August 16, 1999, with one count of theft of a 1985 Ford van in violation of LSA-R.S. 14:67. On August 19, 1999, defendant entered a plea of not guilty. Subsequently, the State amended the bill of information to one count of possession of stolen property valued at over $1,000.00 in violation of La. R.S. 14:69.[1]
Pursuant to a plea agreement, the defendant withdrew his plea of not guilty and entered a plea of guilty to the amended charge. The agreement also stipulated that the State would file a bill of information charging the defendant with being a second felony offender, and set a six year cap on sentencing. A written and fully executed acknowledgment of rights and waiver form which sets out these terms is included in the record.
Defendant waived the sentencing delays, and the trial court sentenced the defendant to six years at hard labor pursuant to the plea agreement. The trial court stated that the defendant would receive credit for all time served and that his sentence would run concurrent with any other sentence.
The next day, the State filed a multiple offender bill which alleged that the defendant was a second felony offender. The defendant stipulated to being a second felony offender, and tendered a plea of guilty to the multiple bill. A second waiver of rights form was executed pursuant to this bill of information. It specifically states that defendant is charged with being a second felony offender. Further, it states that the range of sentencing for this offense is five to twenty years at hard labor, but that defendant would receive six years at hard labor. The trial court vacated the original sentence and re-sentenced the defendant to six years at hard labor without benefit of probation or suspension of sentence.
On November 4, 1999, the defendant filed a pro se motion for appeal. The trial court denied the motion stating that the defendant was not entitled to the relief sought, but that he may seek review through an application for post-conviction relief. On January 10, 2001, the defendant filed an application for post-conviction relief claiming:
1. His guilty plea was unintelligent and unknowing because the essential elements of La. 14:69 were not satisfied in that the State did not present any evidence that the stolen van was valued over five hundred dollars.
2. His due process and equal protection rights were violated because no evidence was presented verifying the value of the van.
3. He also claims ineffective assistance of counsel because a minimum amount of investigation would have discovered that no value was certified in the bill of information.
The trial court granted an out-of-time appeal on February 21, 2001.[2]
*775 In brief to this court, defendant assigns four errors. In the first, he asserts that he did not knowingly and intelligently enter a plea of guilty to the charged offense in the original guilty plea. He specifically argues that there was insufficient evidence presented at the trial court to establish the value of the van, and that the guilty plea did not adequately show he had an understanding of the offense for which he was charged. He also contends that after the district attorney articulated the factual basis of the offense during the guilty plea, the trial court did not ask whether he understood that factual basis.
The State contends that the defendant's plea was knowingly and intelligently made, and that the trial court fully complied with LSA-C.Cr.P. art. 556.1. The State argues that whether or not the value of the van could have been proven does not affect the voluntariness of the plea. The State also argues that the defendant is precluded from raising the sufficiency of the evidence because a guilty plea precludes review of any non-jurisdictional defects. See, State v. King, 99-1348 (La.App. 5 Cir. 5/17/00), 761 So.2d 791, 793; writ denied, 00-1824 (La.6/29/01), 794 So.2d 822.
LSA-C.Cr.P. art. 556.1(A)(1), states:
A. In any criminal case, the court shall not accept a plea of guilty or nolo contendere, without first addressing the defendant personally in open court and informing him of, and determining that he understands, all of the following:
(1) The nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law.
Here, defendant's argument focuses on the proof of the value of the van, rather than a lack of understanding of the elements of the crime. He states in his brief that, after the value of the van was stated by the State's attorney in the guilty plea proceedings, the trial court did not ask the defendant whether he agreed with, or understood the factual basis.
The test for the validity of a guilty plea does not depend upon whether or not the trial court specifically informed the accused of every element of the offense. Rather, the defendant must establish that his lack of awareness of the elements resulted in his lack of awareness of the essential nature of the offense to which he was pleading. State v. Hall, 537 So.2d 321, 322-323 (La.App. 1 Cir.1988); State v. Bowick, 403 So.2d 673, 675-676 (La.1981).
The defendant in this case fails to carry his burden of showing that his lack of awareness of the value of the stolen van resulted in his lack of awareness of the nature of the offense of possession of stolen property. During the plea colloquy, the trial court informed the defendant of his rights, explained the nature of the crime and the consequences of a plea of guilty. The following interaction took place between the defendant and the trial court which indicates that the defendant was aware of the nature of the charge to which he pled guilty:
Q. Mr. Perrilloux, your attorney has indicated to me that she has advised you of your rights (1) to a trial by jury, (2) to confront your accusers, and (3) against self-incrimination and that by entering your plea of guilty you are waiving or giving up those rights. She has also indicated to me that you have advised her that you understand these things; is that correct?
A. I do.
*776 Q. I want you to convince me also that you understand what you are doing by entering this plea of guilty. Consequently, I am going to explain the nature of the crime to which you are pleading guilty, and I will also explain the consequences of a plea of guilty. If you have any questions or if you do not understand anything I say, stop me and I will answer your questions or give you any additional instructions which you may desire. First, tell this court how old you are.
A. 46.
Q. And how much schooling have you had?
A. Tenth. Tenth grade.
Q. You're pleading guilty to the amended charge, and it's agreed by everyone that the charge will be amended and no objection.
The Court:
Wasn't it theft? It was theft and you amended it to possession of stolen things valued at over five hundred dollars, which occurred on the 7th day of August, 1999.
* * * *
Q. If you plead guilty and this court accepts your plea, you do not have the right to assert any allegations or defects, such as an illegal arrest, an illegal search and seizure, an illegal confession, an illegal lineup, and the fact that the State might not be able to prove the said charge or that a jury would find you not guilty. Do you understand that by pleading guilty you are waiving or giving up those rights?
A. Yes, sir.
Q. You also have a right to waive your trial by jury and be tried by the court alone. Do you understand that by pleading guilty you are waiving or giving up these rights?
A. Yes, sir.
Q. You further understand that by pleading guilty, you are telling this Court that you have, in fact, committed the crime to which you are pleading guilty?
A. Yes, sir.
The Court:
Okay. I need a factual basis.
Ms. Darensburg:
We'll stipulate to the bill of information, Judge.
The Court:
And what would the State prove?
Mr. Odinet:
Your Honor, on or about the 7th day of August, 1999 in Jefferson Parish the defendant was in possession of a stolen 1985 Ford van valued at over a thousand dollars, which belonged to Carpet Network, Inc.
The plea colloquy shows that the defendant was represented by counsel, had a tenth-grade education, and that the defendant understood the waiver form. The trial court explained to the defendant that he was pleading guilty to the amended charge of possession of stolen things, specifically a van valued over $1,000.00. The trial court asked the defendant if he understood that he was giving up his right to assert any defects, specifically, "the fact that the State might not be able to prove the said charge", which he answered affirmatively. The defendant also agreed that by pleading guilty, he did in fact commit the crime. Immediately thereafter, the trial court asked for a factual basis. The defendant stated that he would stipulate to the bill of information, which stated he was charged with LSA-R.S. 14:69 possession of stolen things valued over $1,000.00. Not only did the bill cite the proper statutory authority for the *777 charge, but also it alleged that the value of the stolen property was over $1,000.00. The trial court went further and asked the State what it would prove. The State indicated that it would prove that the defendant was in possession of a stolen 1985 van, which was valued at over $1,000.00, which belonged to Carpet Network, Inc. At no time in the plea colloquy did the defendant ask any questions or indicate to the trial court that he did not understand the nature of the charge or any of the elements. Further, he did not dispute the value of the van, although it's alleged value was repeatedly stated by the State.
A review of the record shows that the defendant was adequately aware of the nature of the charge and the consequences of pleading to the charge. This assignment of error has no merit.
In the second assignment, defendant argues that the multiple offender adjudication is invalid as he did not knowingly and intelligently enter a plea of guilty to being a second felony offender. The defendant contends that the trial court did not adequately explain the nature of a multiple offender bill of information, and that the colloquy was inadequate to satisfy the requirement that he understand the nature of the charge made against him. The defendant argues that his adjudication as a second felony offender should be set aside, as well as his six-year sentence without probation. He further argues that his original sentence should be reinstated.
The State contends that a review of the record reveals that the defendant knowingly and voluntarily admitted he was a multiple offender and stipulated to the multiple offender bill of information. The State specifically argues that the colloquy reflects that the defendant fully understood his rights, and that the waiver of rights form from October 21, 1999 (the waiver form for possession of stolen property) and from October 22, 1999 (the waiver form for the multiple bill), show that the defendant was informed of the nature of the multiple bill and the consequences of stipulating to the multiple bill.
The issue in this assignment of error is whether the in-court discussion, coupled with the executed waiver of rights form, supports a finding that defendant knowingly and voluntarily waived his rights in admitting the allegations contained in the multiple bill of information. Louisiana jurisprudence has consistently held that, in a multiple offender proceeding, a trial court must advise a defendant of his right to a hearing at which the State is required to prove the allegations of the multiple bill, and of his right to remain silent. LSA-R.S. 15:529.1(D); State v. Rose, 97-943 (La.App. 5 Cir.1/27/98), 708 So.2d 1093, 1094.
If the record reflects that the defendant was advised of his rights by the trial court and/or his attorney, then the defendant intelligently waived his rights. State v. Francis, 98-811 (La.App. 5 Cir. 1/26/99), 727 So.2d 1235, 1239, writ denied, 99-0671 (La.6/25/99), 746 So.2d 597.
At the multiple offender hearing, the defense counsel stated that the defendant would stipulate that he was a second felony offender. The trial court next informed the defendant of his right to remain silent and the right to a hearing as required by LSA R.S. 15:529.1(D). The court asked him if he understood that he was giving up those rights, and the defendant answered affirmatively. After the trial court informed him of these rights, the judge asked the defendant whether he was the same Gregory Perrilloux who was found guilty in 1995 of burglary. The defendant then stated:

*778 Your Honor, I don't quite understand everything of this, you know. I don't know nothing about the bill, you know.
The trial court then went into detail to explain the nature of the multiple bill and that the multiple bill alleged a predicate offense of burglary from 1995. The following in-court discussion took place:
Q. Well, I'm asking you, it says here in 1995 in a matter in Division "I" of this court, which is upstairs right now, Judge Jo Ellen Grant, that you were found guilty of a charge of burglary on June 20th of 1995. And you were sentenced to serve eight years at hard labor. Is that right?
A. Yes, sir.
Q. Okay. That's what we're saying. All right. And you understand that the range of sentencing on a multiple bill in this case is five years to twenty years? That's the range that I could give you.
A. No. I don'tI don't understand the bill itself, you know, but
Q. Do you understand that if I'm sitting up here I've got the opportunity to say anywhere from five to twenty years is what I can tell you you can get? Do you understand that?
A. Yeah.
Q. Regardless of how it comes about, that's the range you're looking at. You understand that?
A. Yeah.
Q. Do you understand that I have said that I would sentence you to six years?
A. Yeah. I understand.
Q. All right. And has anyone forced you, threatened you or coerced you into this plea?
A. No, your Honor.
The trial court went into detail explaining the nature of the multiple bill and the details of the waiver of rights form for multiple offenders that was signed by the defendant. After reviewing the waiver form, the trial court asked the defense counsel if she went over it with the defendant, and she replied affirmatively.
A review of the record shows that the colloquy between the defendant and the trial court, coupled with the executed waiver of rights form, supports the trial court's finding that the defendant knowingly and voluntarily waived his rights prior to admitting the allegations contained in the multiple offender bill of information. Further, the trial court was in the best position to determine that the defendant knowingly and intelligently waived his rights and understood the proceeding that took place. "Everything that appears in the entire record concerning the predicate, as well as the trial judge's opportunity to observe the defendant's appearance, demeanor and responses in court, should be considered in determining whether or not a knowing and intelligent waiver of rights occurred." State v. Henry, 00-2250 (La. App. 1 Cir. 5/11/01), 788 So.2d 535.
This assignment of error merits no consideration.
In the third assignment, the defendant argues in the alternative that if this Court sets aside the multiple offender adjudication, the initial six year hard labor sentence should not be reinstated, but rather it should be remanded to the trial court for a less harsh sentence. Because we find that the multiple offender proceedings, as well as the proceedings on the original charge are valid, this assignment is moot.
In the final assignment, defendant argues this matter should be remanded for an evidentiary hearing on the remaining post conviction relief issues, or, alternatively, defendant should be allowed to file a subsequent post conviction relief application *779 addressing issues that are not apparent on the face of the record.
This assignment of error is merely a prayer for relief and does not warrant discussion. By law the defendant may file a subsequent post-conviction relief application. After the defendant's conviction has become final, a post-conviction application may be filed under the provisions of LSA-C.Cr.P. art. 930.4 and 930.8 for any new issues not fully litigated on appeal.
AFFIRMED.
NOTES
[1] We note that the highest grade of possession of stolen things provided by LSA-R.S. 14:69(B)(1) is over $500.00. We find this to be a clerical error which does not prejudice the defendant in any manner since he pled guilty to possession of a stolen thing valued over $1,000.00 which is higher than the upper tier of the charged offense. This clerical error does not affect the grade of the offense.
[2] Although defendant does not specifically plead for an out-of-time appeal in his application for post conviction relief, the trial court granted one. Appeals are "favored in the law." State v. Gilbert, 99-2338 (La.2/4/00), 758 So.2d 779, 779; State v. Bunnell, 508 So.2d 55 (La.1987), and the State does not contest the trial court's granting of the out-of-time appeal. Accordingly, we will treat this matter as an appeal of his guilty plea, rather than a request for review of the denial of his application for post conviction relief.