876 So.2d 187 (2004)
STATE of Louisiana
v.
Mark J. FORREST.
No. 04-KA-43.
Court of Appeal of Louisiana, Fifth Circuit.
May 26, 2004.
*188 Martin A. Regan, Jr., Kristen A. Moe, New Orleans, LA, for Appellant, Mark J. Forrest.
Paul D. Connick, Jr., District Attorney, Twenty-Fourth Judicial District Court, Parish of Jefferson, Terry M. Boudreaux, Anne Wallis  Appellate Counsel, Gretna, LA, for Appellee, State of Louisiana.
*189 Panel composed of Judges SOL GOTHARD, SUSAN M. CHEHARDY and CLARENCE E. McMANUS.
SUSAN M. CHEHARDY, Judge.
On December 14, 2000, the Jefferson Parish District Attorney filed a bill of information charging defendant, Mark J. Forrest, with armed robbery in violation of La. R.S. 14:64. Defendant was arraigned on December 15, 2000 and pled not guilty.
On March 29, 2001, defendant withdrew his former plea of not guilty and entered a plea of guilty. After accepting the defendant's guilty plea, the trial court sentenced defendant to imprisonment at hard labor for twelve years without benefit of parole, probation, or suspension of sentence. The trial court also ordered the sentence to run concurrently with the defendant's sentence in case number 00-6314.
On March 28, 2003, defendant filed an application for post-conviction relief alleging ineffective assistance of counsel. The application was summarily denied on April 16, 2003. On June 12, 2003, defendant filed a writ application with this Court regarding the denial of his application for post-conviction relief. On June 26, 2003, this Court granted the writ application, vacated the denial of the post-conviction relief application, and remanded the matter for the limited purpose of granting defendant the opportunity to reinstate his appeal rights. Defendant filed a petition for out-of-time appeal that was granted on September 3, 2003.

Facts
Defendant's conviction resulted from a guilty plea and, thus, the presentation of facts for the record was limited. According to the record, the prosecutor stated that he could prove that the defendant, who was armed with a stick, entered the convenience store of a Jefferson Parish gas station, struck the cashier, took money from the cash register, and fled the store. During the plea colloquy, defendant admitted that he entered the gas station, struck the cashier, and took money from the business.

Discussion
On appeal, defendant argues that his guilty plea was unknowing and involuntary because he was not fully advised of the elements of the crime of armed robbery as required by La.C.Cr.P. art. 556.1(A)(1). The State responds that the requirements of the statute were met, and alternatively, that it was harmless error not to advise defendant of the elements of the charge.
In this case, defendant pled guilty on March 29, 2001. At that time, La.C.Cr.P. art. 556.1[1] provided in pertinent part:
A. In a felony case, the court shall not accept a plea of guilty or nolo contendere without first addressing the defendant personally in open court and informing him of, and determining that he understands, all of the following:
(1) The nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law.
The test for the validity of a guilty plea does not depend upon whether or not the trial court specifically informed the accused of every element of the offense. Rather, the defendant must establish that *190 his lack of awareness of the elements resulted in his lack of awareness of the essential nature of the offense to which he was pleading. State v. Perrilloux, 01-509 (La.App. 5 Cir. 11/14/01), 802 So.2d 772, 775 (citations omitted).
Violations of Article 556.1 that do not rise to the level of Boykin violations are subject to harmless error analysis. State v. Guzman, 99-1753 (La.5/16/00), 769 So.2d 1158, 1161; State v. Frickey, 00-294 (La.App. 5 Cir. 9/26/00), 769 So.2d 791, 798. The proper inquiry is whether the defendant's knowledge and comprehension of the full and correct information would have likely affected his or her willingness to plead guilty. State v. Guzman, supra at 1165; State v. Haywood, 00-1584 (La.App. 5 Cir. 3/28/01), 783 So.2d 568, 579.
In Perrilloux, 802 So.2d at 775-777, defendant argued that the guilty plea colloquy did not adequately show he had an understanding of the offense for which he was charged. The trial court explained to defendant that he was pleading guilty to the amended charge of possession of stolen things, specifically a van valued over $1,000. After the trial court asked for a factual basis, defendant stated he would stipulate to the bill of information. Additionally, the state told the trial court what it would prove. At no time during the plea colloquy did defendant ask any questions or indicate to the trial court that he did not understand the nature of the charge or any of the elements. This Court concluded that defendant was adequately aware of the nature of the charge and the consequences of pleading to the charge.
In State v. Ford, 02-1394 (La.App. 4 Cir. 4/16/03), 846 So.2d 98, 100-101, writ denied, 03-1401 (La.11/26/03), 860 So.2d 1132, defendant argued that the record contained no evidence to indicate he understood the nature of the charges against him as required by La.C.Cr.P. art. 556.1. The appellate court stated that, at the guilty plea hearing, the trial court informed defendant that he was pleading guilty to five counts of armed robbery; that the trial court informed defendant of the mandatory minimum and maximum sentence for the offenses and the penalties for subsequent offenses; and that the trial court personally questioned defendant regarding the waiver of his Boykin rights. The appellate court noted that defendant, who was represented by counsel at the time of his plea, failed to complain that he did not understand the charges against him. It concluded that defendant had not shown sufficient prejudice to support his claim.
In the instant case, the trial court informed defendant that he was pleading guilty to armed robbery. The trial judge personally questioned defendant regarding the waiver of his Boykin rights. When the trial court asked the prosecutor what he was prepared to prove if the case went to trial, the prosecutor stated that he would prove that defendant entered a Shell station armed with a stick, attacked the clerk, and took money from the clerk. Although defendant initially denied striking the victim with the stick, he later admitted that he struck the victim with the stick and took money from him. Defendant, who was represented by counsel at the time of his plea, did not complain that he did not understand the charges against him. In fact, defendant stated that he had discussed these charges with his attorney and that he understood the nature of each charge as well as the possible penalties.
Accordingly, we find that the record clearly reflects that defendant was aware of the nature of the charge and the consequences of pleading guilty to the charge. State v. Perrilloux, supra. Additionally, defendant has not shown sufficient prejudice to support his claim. State v. Ford, *191 supra. This assignment of error is without merit.
Defendant also seeks remand to the district court for an evidentiary hearing on his ineffective assistance of counsel claim. We note that defendant did not assign this claim as error or brief this error on appeal.
A defendant is entitled to effective assistance of counsel under the Sixth Amendment to the United States Constitution and Article I, § 13 of the Louisiana Constitution of 1974. In order to show ineffective assistance of counsel, the defendant must demonstrate that 1) his attorney's performance was deficient, and 2) he was prejudiced by the deficiency. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); State v. Soler, 93-1042 (La.App. 5 Cir. 4/26/94), 636 So.2d 1069, 1075, writ denied, 94-1361 (La.11/4/94), 644 So.2d 1055.
In addition to proving that the attorney's representation fell below the standard of reasonableness, it is incumbent upon the defendant in the context of a guilty plea to show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985); see also, State v. Washington, 491 So.2d 1337, 1338-39 (La.1986).
A claim for ineffective assistance of counsel is most appropriately addressed through an application for post-conviction relief, filed in the trial court where a full evidentiary hearing can be conducted, rather than a direct appeal. State v. McIntyre, 97-876 (La.App. 5 Cir. 1/27/98), 708 So.2d 1071, 1075, writ denied, 98-1032 (La.9/18/98), 724 So.2d 753. When the record contains sufficient evidence to rule on the merits of the claim and the issue is properly raised by assignment of error on appeal, it may be addressed in the interest of judicial economy. State v. Peart, 621 So.2d 780, 787 (La.1993); State v. McIntyre, supra. Where the record does not contain sufficient evidence to fully explore a claim of ineffective assistance of counsel, the claim should be relegated to post-conviction proceedings under La.C.Cr.P. arts. 924-930.8. State v. Rose, 97-943 (La.App. 5 Cir. 1/27/98), 708 So.2d 1093, 1095.
In the instant case, we find that defendant has failed to brief this issue as an assignment of error and, thus, has not properly raised this issue on appeal. U.R.C.A. 2-12.4; State v. Blank, 01-564 (La.App. 5 Cir. 11/27/01), 804 So.2d 132, 139. Moreover, even if this issue had been properly raised on appeal, the record does not contain sufficient evidence to rule on the merits of the claim. We must conclude that this claim is more appropriately addressed through post-conviction proceedings and, thus, we will not address defendant's request at this time. We note, however, that this does not preclude defendant from raising this claim in a later application for post-conviction relief.
Finally, we have reviewed the record for errors patent, according to La.C.Cr.P. art. 920. We note that the trial court's advisal to the defendant of the prescriptive period for seeking post-conviction relief as mandated by La.C.Cr.P. art. 930.8 was incomplete. Therefore, we remand and order the district court to inform defendant of the provisions of La.C.Cr.P. art. 930.8 by sending appropriate written notice to defendant within ten days of the rendition of the opinion and to file written proof that defendant received the notice in the record of the proceedings. State v. George, 99-887 (La.App. 5 Cir. 1/4/00), 751 So.2d 973, 975.
*192 CONVICTION AND SENTENCE AFFIRMED; REMANDED FOR LA. C.CR.P. ART. 930.8 NOTIFICATION.
NOTES
[1] La.C.Cr.P. art. 556.1 was amended by Acts 2001, No. 243, § 1, effective date August 15, 2001. The comments to the article indicate that the revisions restricted this article's application to felony cases, removed the requirement that the court advise defendant regarding penalties for subsequent offenses, and added Paragraph E, the harmless error provision.