904 So.2d 10 (2005)
STATE of Louisiana
v.
Ferdinan ROBINSON.
No. 04-KA-1294.
Court of Appeal of Louisiana, Fifth Circuit.
April 26, 2005.
*11 Paul D. Connick, Jr., District Attorney, Twenty-Fourth Judicial District, Parish of Jefferson, Terry M. Boudreaux, Assistant District Attorney, Gretna, Louisiana, for Plaintiff/Appellee.
Bruce G. Whittaker, New Orleans, Louisiana, for Defendant/Appellant.
Panel composed of Judges THOMAS F. DALEY, MARION F. EDWARDS, and WALTER J. ROTHSCHILD.
WALTER J. ROTHSCHILD, Judge.
On February 6, 2002, defendant, Ferdinan Robinson, was charged by bill of information with simple burglary of a 1996 Chevy Impala, in violation of LSA-R.S. 14:62. He pled not guilty and filed several pre-trial motions.[1] He proceeded to trial on November 12, 2003. A six-person jury found defendant guilty as charged, and he was subsequently sentenced to six years at hard labor.
Thereafter, the State filed a multiple offender bill of information alleging defendant to be a third felony offender based on a 1997 simple burglary conviction and a 1999 theft conviction. Defendant initially denied the allegations contained in the multiple bill. However, at the multiple bill hearing, in accordance with a plea agreement, defendant admitted being a second felony offender after being advised of his rights. His original six-year sentence was vacated, and he was sentenced as a multiple offender to eight years at hard labor without probation or suspension of sentence.

FACTS
Between 2:00-2:30 a.m. on January 29, 2002, Michael Allen was alerted by a silent page from his car alarm system. He went to the window of his apartment and peered out at his car, a 1996 Chevy Impala. He saw two males, one of whom was defendant, around his car peeling back his driver's side window and a third male standing in the street acting as a lookout. He watched the men as he called the police. He saw defendant enter his vehicle and try to start the car by fumbling with the steering wheel and column.
*12 When the police arrived at the scene, the three suspects fled. The victim spoke with the police and then returned to his apartment. Deputy Aaron Verrette responded to the burglary call. As he approached the scene, he saw a black male walking away from the scene. Deputy Verrette had been advised that a black male had been seen breaking into the victim's vehicle. Deputy Verrette approached the male, who was later identified as defendant, and detained him. The victim was brought to the police car where defendant was being detained and positively identified him as one of the three men who tried to steal the victim's car.
The victim testified that the face plate from the radio and the remote control were missing from his car and that the driver's side window was completely out, the steering wheel column was cracked, and the glove box had been pried open.

DISCUSSION
In his first assignment of error, defendant contends that his eight-year enhanced sentence is excessive, despite the fact it was imposed in conformity with a plea agreement. He contends that the trial court owes a duty to insure a sentence is not excessive, even when the sentence is in accordance with a plea agreement. He further asserts the trial court should have articulated facts upon which his sentence was based.
Under LSA-C.Cr.P. art. 881.2(A)(2), a defendant "cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea." This Court has consistently recognized that Article 881.2(A)(2) precludes a defendant from seeking review of a sentence to which the defendant agreed prior to pleading guilty. State v. Guerra, 03-1071 (La.App. 5 Cir. 12/20/03), 865 So.2d 154, 157.
In the instant case, the multiple bill alleged that defendant was a third felony offender. The record shows that defendant agreed to stipulate to his status as a second felony offender in exchange for the eight-year sentence he received. The waiver of rights form executed by defendant shows that he was advised and understood he would receive an eight-year sentence without benefit of probation or suspension of sentence, in exchange for admitting his status as a second felony offender. During the plea colloquy, the trial judge reviewed the allegations to which defendant was stipulating and advised defendant that if he accepted the guilty plea, defendant would be sentenced as a second felony offender to "eight years hard labor... concurrent with any other sentence you are presently serving.... without benefit of probation or suspension of sentence." The trial judge then asked defendant if he understood his sentence, to which defendant affirmatively replied.
In conformity with the plea agreement, defendant was subsequently sentenced to eight years without benefit of probation or suspension of sentence, which was ordered to run concurrently with any other sentence he was serving. Because defendant received the same sentence which was "imposed in conformity with a plea agreement which was set forth in the record at the time of the plea," he is barred from challenging the excessiveness of his sentence on appeal. LSA-C.Cr.P. art. 881.2(A)(2). Accordingly, we affirm defendant's sentence.
In his second assignment of error, defendant requests that this Court review the record for errors patent. Accordingly, we have reviewed the record for errors patent, in accordance with LSA-C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); and State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990). The review reveals one patent error that requires corrective action.
*13 In advising defendant of the two-year prescriptive period for filing an application for post-conviction relief, pursuant to LSA-C.Cr.P. art. 930.8, the trial court initially advised defendant that he had "two years from the date this conviction becomes final to seek post-conviction relief." After actually imposing the enhanced sentence, the trial court stated, "post-conviction relief must be filed within two years after the sentence becomes final."
This Court has held that the failure to advise a defendant that the prescriptive period runs from the time his conviction and sentence become final is incomplete. See State v. George, 99-887 (La.App. 5 Cir. 1/4/00), 751 So.2d 973, 975. In the present case, the trial court effectively advised defendant that the prescriptive period ran from the time his conviction and sentence became final, but did so separately by advising defendant at two different times of two different time periods. Therefore, because the advisal was unclear, we remand the case and order the trial court to clarify the advisal by sending defendant written notice of the prescriptive period for post-conviction relief within ten days of the rendering of the appellate opinion and to file written proof in the record that defendant received the notice. See State v. Lee, 03-901 (La.App. 5 Cir. 12/9/03), 864 So.2d 654, 661.

DECREE
For the reasons set forth above, we affirm defendant's conviction and sentence. We remand to the trial court to send notice to defendant of the prescriptive period for filing post-conviction relief.
AFFIRMED; REMANDED WITH INSTRUCTIONS.
NOTES
[1] The record does not show that any of defendant's pre-trial motions were ruled upon prior to trial. However, defendant waived all pending motions by proceeding to trial without raising the issue that his pre-trial motions were neither heard nor ruled upon. State v. Fletcher, 02-707 (La.App. 5 Cir. 12/30/02), 836 So.2d 557, 559, writ denied, 03-409 (La.10/10/03), 855 So.2d 334.