970 So.2d 1134 (2007)
STATE of Louisiana
v.
Vincent HINES.
No. 07-KA-312.
Court of Appeal of Louisiana, Fifth Circuit.
October 30, 2007.
*1135 Paul D. Connick, Jr., District Attorney, Terry Boudreaux, Andrea F. Long, Ken J. Dohre, Assistant District Attorneys, Gretna, LA, for Appellee, State of Louisiana.
Mary E. Roper, Attorney at Law, Louisiana Appellate Project, Baton Rouge, LA, for Appellant, Vincent Hines.
Panel composed of Judges MARION F. EDWARDS, SUSAN M. CHEHARDY, and WALTER J. ROTHSCHILD.
SUSAN M. CHEHARDY, Judge.
On December 6, 2005, the Jefferson Parish District Attorney filed a bill of information charging Vincent Hines with looting, in violation of La. R.S. 14:62.5(C).[1] Defendant pled not guilty and filed several pre-trial motions, including a motion to quash the bill of information, which was denied after hearing. On August 15, 2006, defendant withdrew his plea of not guilty and pled guilty as charged. In accordance with the plea agreement, defendant was sentenced to fourteen years at hard labor.
That same day, the State filed a multiple offender bill of information alleging defendant was a second felony offender based on a prior conviction for distribution of cocaine. Defendant admitted the allegations in the multiple bill and was resentenced under La. R.S. 15:529.1 to fourteen years without the benefit of probation or suspension of sentence.
On appeal, defendant challenges the constitutionality[2] of the looting statute and *1136 the excessiveness of his sentence. Because defendant's conviction was the result of a guilty plea, the record contains limited facts pertaining to the offense. The record reflects that, on September 5, 2005, Captain Wood of the Jefferson Parish Sheriff's Office, was patrolling Harvey, Louisiana when he observed defendant removing furniture from a furniture store on LaPalco Boulevard. Captain Wood saw subjects removing furniture from the store through broken windows and loading it onto a pick-up truck. Captain Wood's report noted that the New Orleans metropolitan area was on "disaster status" following Hurricane Katrina on the date of the offense.
In his first assignment of error, defendant argues that La. R.S. 14:62.5 is unconstitutionally vague. Defendant specifically argues that the looting statute is unconstitutionally vague because it fails to define the term "normal security" as it is used within the statute. He claims the offending phrase is ambiguous because it is unclear whether "normal security" refers to security put in place by the property owner or to security provided by a police force. He contends the statute offers no guidance to determine when "normal security" is absent so as to elevate the less serious offense of simple burglary to the more serious offense of looting.
A statute is presumed constitutional and the burden of proving unconstitutionality rests upon the party attacking the statute. State v. Interiano, 03-1760 (La.2/13/04), 868 So.2d 9, 13. In determining the constitutionality of a statute, the basic rules of statutory construction must be followed. Louisiana criminal statutes must be "given genuine construction, according to the fair import of their words, taken in their usual sense, in connection with the context, and with reference to the purpose of the provision." La. R.S. 14:3; State v. Hair, 00-2694 (La.5/15/01), 784 So.2d 1269, 1274. A statute should be upheld whenever possible. In construing statutes, courts must strive to give an interpretation "that will give them effectiveness and purpose, rather than one which makes them meaningless." State v. Cunningham, 04-2200 (La.6/13/05), 903 So.2d 1110, 1116.
A statute is unconstitutionally vague "if it fails to provide adequate notice of proscribed conduct and its consequences to persons of reasonable intelligence or fails to provide sufficient standards by which guilt or innocence may be determined." State v. Boyd, 97-579 (La.4/14/98), 710 So.2d 1074, 1076. Broad language is not in itself vague. State v. Hair, 784 So.2d at 1274. The Louisiana Supreme Court has explained:
[T]he fact that a statute's terms are subjective and susceptible to interpretation does not render it vague. Words in statutes need not have the same precision as mathematical symbols. Due process requires only that the language of a statute have generally accepted meaning so that a person of ordinary and reasonable intelligence is capable of discerning its proscriptions and is given fair notice of the conduct which is forbidden by its terms.
Id. at 1274.
Defendant asserts the language "normal security" within La. R.S. 14:62.5 is unconstitutionally vague. La. R.S. 14:62.5 provides:

*1137 A. Looting is the intentional entry by a person without authorization into any dwelling or other structure belonging to another and used in whole or in part as a home or place of abode by a person, or any structure belonging to another and used in whole or in part as a place of business, or any vehicle, watercraft, building, plant, establishment, or other structure, movable or immovable, in which normal security of property is not present by virtue of a hurricane, flood, fire, act of God, or force majeure of any kind, or by virtue of a riot, mob, or other human agency, and the obtaining or exerting control over or damaging or removing property of the owner. (Emphasis added.)
Defendant argues that "normal security" is not defined within the statute so the public is not on notice of what constitutes "normal security" or when "normal security" is no longer in place. We find that the challenged phrase, when read in the context of the statute, has an easily understood meaning. The clear wording of the statute prohibits unauthorized entry into a home, place of business, or other structure and removal of property when the protection of the home, business, or structure is compromised by reason of a hurricane, other forces of nature, or civil unrest. An average person with reasonable intelligence would know that "normal security" of property is absent when the forces of nature or civil unrest damage a structure's secured windows or doors, cause the structure's occupants to be absent due to an evacuation or curfew, cause an electrical outage that could affect an alarm system, or cause a reduction in or absence of routine police protection.
In this case, the bill of information alleges defendant's conduct occurred during a declared state of emergency, less than one week after Hurricane Katrina hit the New Orleans area. The language, in context, gives adequate warning of the conduct proscribed and provides a workable standard for the fact-finder to fairly administer the law. Thus, the trial court did not err in denying defendant's motion to quash the statute as unconstitutionally vague.
In his second assignment of error, defendant challenges his sentence of fourteen years as excessive. Defendant contends that the chairs being looted were water-damaged and only had a value of twenty dollars in their damaged condition. He notes the trial court failed to consider any mitigating factors, namely the fact that his conduct did not cause or threaten serious harm. Defendant also asserts none of the aggravating factors listed in La.C.Cr.P. art. 894.1 were present. The State responds that defendant cannot appeal from a sentence imposed in conformity with a plea agreement.
On August 15, 2006, defendant pled guilty to looting, in violation of La. R.S. 14:62.5, and was sentenced to fourteen years at hard labor. That same day, defendant admitted that he was a second felony offender, his underlying sentence was vacated, and he was sentenced to fourteen years without benefit of probation or suspension of sentence under La. R.S. 15:529.1. Both sentences were imposed pursuant to plea agreements.
In his appellant brief, defendant seems only to challenge his underlying fourteen-year sentence as excessive. His underlying sentence was vacated so his enhanced sentence is the only reviewable sentence.[3]
Under La.C.Cr.P. art. 881.2(A)(2), a defendant "cannot appeal or seek review of a *1138 sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea." This Court has consistently recognized that this article precludes a defendant from seeking review of a sentence to which the defendant agreed prior to pleading guilty. State v. Robinson, 04-1294 (La.App. 5 Cir. 4/26/05), 904 So.2d 10, 12.
In this case, the record reflects that defendant agreed to stipulate to his status as a second felony offender in exchange for a lesser sentence of fourteen years. The well-executed waiver of rights form reflects that defendant was advised and indicated that he understood that he would receive a fourteen-year sentence at hard labor in exchange for a guilty plea. During the plea colloquy, the trial judge reviewed the allegations to which defendant was stipulating and advised defendant that if he accepted the guilty plea, defendant would be sentenced as a multiple offender to fourteen years without the benefit of probation or suspension of sentence. Defendant indicated that he understood his sentence. Because defendant received a sentence imposed in conformity with a plea agreement that was set forth in the record at the time of the plea, he is barred from challenging the excessiveness of his sentence on appeal. See State v. Robinson, 904 So.2d at 12.
Finally, the record was reviewed for errors patent, according to La.C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990). We find that defendant may have received an indeterminate sentence in violation of La.C.Cr.P. art. 879. When imposing the original fourteen-year sentence, the trial judge stated the sentence was to run concurrent with any probation time defendant was currently serving. The trial judge subsequently vacated the original sentence and imposed an enhanced sentence that was "to run concurrent with any parole time."
The record is unclear as to defendant's parole status at the time of sentencing. Unlike probation, there is no prohibition against the trial judge ordering a sentence to run concurrent with a parole revocation. La.C.Cr.P. art. 901(C)(2); State v. Arceneaux, 05-338 (La.App. 5 Cir. 12/27/05), 930 So.2d 44, 50. Accordingly, we conclude that the sentence may be indeterminate and remand to the district court for clarification of defendant's sentence upon resentencing. See State v. Lai, 04-1053 (La. App. 5 Cir. 4/26/05), 902 So.2d 550, 562, writ denied, 05-1681 (La.2/3/06), 922 So.2d 1175.
AFFIRMED, REMANDED.
NOTES
[1] Co-defendants, Anthony Burrell, Frederick Hines, and Sharon Thompson were also charged in the bill of information with looting. Co-defendant Frederick Hines has a separate appeal set on a later docket.
[2] Pursuant to La. R.S. 13:4448, this Court sent notice to the Louisiana Attorney General of the defendant's appeal challenging a statute's constitutionality. State v. Schoening, 00-903 (La.10/17/00), 770 So.2d 762, 765-66. As of the date of this opinion, the Attorney General has not filed a brief in this appeal.
[3] On appeal, defendant does not challenge his status as a second felony offender.