EDWARD A. DUFRESNE, JR., Chief Judge.
|2On October 4, 2006, the Jefferson Parish District Attorney filed a bill of information charging defendant, Lemonte A. Delmore, with possession of cocaine, a violation of LSA-R.S. 40:967(C). At the October 5, 2006 arraignment, defendant pled not guilty. On December 14, 2006, defendant withdrew his not guilty plea, and after being advised of his constitutional rights, pled guilty as charged. The trial court then sentenced defendant, in accordance with the plea agreement, to five years at hard labor with credit for time served.[1] On the same day, the State filed *543 a multiple offender bill of information alleging that defendant was a third felony offender. After defendant admitted the allegations contained in the multiple bill, |sthe trial judge vacated defendant’s original sentence and sentenced him to ten years at hard labor without benefit of probation or suspension of sentence.
Defendant now appeals.

ASSIGNMENT OF ERROR NUMBER ONE

In his first assignment of error, defendant argues that his guilty plea was not made knowingly, intelligently, and voluntarily because he was not properly advised of the sentence he would receive as a multiple offender. Defendant points to the fact that the sentencing transcript reveals no articulation of the multiple bill sentencing agreement.
Our review of the record indicates that defendant was fully advised of his rights as well as the consequences of his guilty plea to both the original possession of cocaine charge and to the multiple offender bill of information. Therefore, we find no merit to defendant’s argument that his guilty plea was not made knowingly or voluntarily-
On December 14, 2006, defendant pled guilty to possession of cocaine. Prior to accepting his guilty plea, the trial judge advised defendant of his constitutional rights, including his right to trial by jury, right to confront his accusers, and right against self-incrimination. The judge also advised defendant of the crime to which he was pleading, the penalty range, and the actual sentence defendant would receive. Defendant acknowledged that he understood his rights and wished to waive them. He further informed the judge that he was not forced, coerced, or threatened in any way to enter the guilty plea. In addition, defendant signed a waiver of constitutional rights form confirming that he understood and wished to waive his rights. This form further showed that defendant was aware of the possible sentence for the offense as well as the actual sentence that he would | ¿receive upon acceptance of his guilty plea. Following defendant’s waiver of rights, the trial court accepted his plea as having been made knowingly, intelligently, freely, and voluntarily. Defendant waived delays and was sentenced, in accordance with the plea agreement, to five years at hard labor with credit for time served.
Immediately thereafter, in open court, the State filed a multiple offender bill of information alleging that defendant was a third felony offender under the provisions of LSA-R.S. 15:529.1. Louisiana jurisprudence has consistently held that, in a multiple offender proceeding, a trial court must advise a defendant of his right to a hearing at which the State is required to prove the allegations of the multiple bill, and of his right to remain silent. State v. Perrilloux, 01-509 (La.App. 5 Cir. 11/14/01), 802 So.2d 772, 777. If the record reflects that defendant was advised of his multiple offender rights by the trial judge and/or his attorney, then defendant intelligently waived his rights. State v. Granier, 03-447 (La.App. 5 Cir. 9/30/03), 857 So.2d 1176, 1181.
In the present case, after the State filed the multiple offender bill, defendant admitted to the allegations contained therein. The transcript from those proceedings indicates that before accepting defendant’s admission, the trial judge advised him of his habitual offender rights. Specifically, *544 the judge informed defendant that he had the right to a hearing at which time the State would have to prove his multiple offender status, and that he had the right to remain silent at the hearing. Although the trial judge did not specifically inform defendant in open court of the sentence he would receive, defendant signed the waiver of rights form, which included his sentencing exposure, as well as the sentence he would receive. The form advised defendant that the multiple offender sentencing range was between forty months and ten years, and that the sentence defendant would receive |Bwas ten years. In open court, defendant informed the trial judge that he reviewed the multiple offender waiver of rights/guilty plea form with his attorney and that she answered any questions he might have had about the forms. The trial judge then asked defendant if he had any questions about the form, and he responded that he did not. At the conclusion of his colloquy with defendant, the trial judge was satisfied that defendant was aware of what he was doing and that he understood and wished to waive his multiple offender rights. He then accepted defendant’s admission to the multiple bill as having been made knowingly, intelligently, freely, and voluntarily. Thereafter, the trial judge sentenced defendant to ten years in conformity with the multiple offender plea agreement.
In the present case, the record shows that defendant was fully advised of his rights at the guilty plea/multiple offender proceedings. In addition, defendant was informed of his sentencing exposure as well as the actual sentence he would receive as a multiple offender. Accordingly, the arguments raised by defendant in this assigned error are without merit.

ASSIGNMENT OF ERROR NUMBER TWO

In his second assignment of error, defendant argues that the trial court erred in imposing an excessive sentence. Specifically, defendant suggests that the trial court failed to consider mitigating circumstances in imposing his habitual offender sentence, such as his youthful age, his previous non-violent felony criminal history, and his accepting responsibility for the offenses caused by his drug addiction.
A defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea. LSA-C.Cr.P. art. 881.2(A)(2); State v. Tremain P., 06-438 (La.App. 5 Cir. 1/16/07), 956 So.2d 1, 3. This Court has applied this provision to cases in |fiwhich a defendant admits to the allegations in a habitual offender bill, as part of a sentencing agreement. Therefore, on appeal, a defendant is also precluded from raising a claim of excessiveness when his sentence was imposed in conformity with a sentencing agreement, which was set forth in the record at the time that he admitted to the allegations in a multiple bill. State v. Cross, 06-866 (La.App. 5 Cir. 4/11/07), 958 So.2d 28, 30.
In the present case, defendant’s multiple offender sentence was imposed in conformity with a plea agreement, which was set forth in the record at the time of the plea. Therefore, defendant is precluded from raising a claim of excessiveness on appeal.

ERROR PATENT DISCUSSION

We have also reviewed the record for errors patent, according to LSA-C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990). Our review reveals no errors which require corrective action.
For the reasons set forth herein, defendant’s conviction and sentence are affirmed.

*545
CONVICTION AND SENTENCE AFFIRMED.

. At the same time, defendant pled guilty to the misdemeanor offense of possession of *543 drag paraphernalia and was sentenced to six months in parish prison. The two sentences were ordered to ran concurrently.