CLARENCE E. McMANUS, Judge.
 

 i
 
 statement of the case
 

 Defendant, Dax. O. Strattman, was charged by the Jefferson Parish District
 
 *1131
 
 Attorney’s office with one count of possession with intent to distribute cocaine and one count of possession with intent to distribute hydrocodone, both in violation of LSA-R.S. 40:967(A). On August 28, 2000, defendant pled guilty as charged to both counts. In accordance with the plea agreement, the trial court sentenced defendant to 15 years on each count to run concurrently with each other.
 

 The State then filed a multiple bill of information alleging defendant to be a second felony offender. Defendant stipulated to his status as a second felony offender and was resentenced to an enhanced 15-year sentence pursuant to a plea agreement.
 

 Thereafter, defendant filed a
 
 pro se
 
 motion to reconsider sentence. For reasons not apparent from the record, defendant’s motion was not heard until seven and one half years later. On June 5, 2008, the trial court denied defendant’s
 
 pro se
 
 motion to reconsider sentence.
 

 Defendant timely appealed. After the appeal was lodged with this Court, defendant filed a motion to reopen and reurge his motion to reconsider sentence. 1¡¡After a hearing on December 1, 2008, the trial court granted the motion, vacated defendant’s original and enhanced sentences, and resentenced defendant to 10 years on counts one and two to run concurrently with each other. The State filed a supervisory writ with this Court from the trial court’s ruling. This Court found the trial court lacked jurisdiction to rule on defendant’s motion to reopen and reurge his motion to reconsider sentence and, thus, granted the writ and vacated the trial court’s December 1, 2008 ruling. Defendant then filed a
 
 pro se
 
 writ application with the Louisiana Supreme Court from this Court’s granting of the State’s writ application. As the date of this opinion, the Louisiana Supreme Court has not ruled on that writ application.
 

 Defendant now appeals arguing the trial court improperly denied his motion to reconsider sentence. For the reasons which follow, we affirm the trial court’s denial of the motion to reconsider sentence and affirm defendant’s sentence.
 

 DISCUSSION
 

 Defendant argues two assignments of error on appeal. In his assignment of error number one he argues that his 15-year mandatory minimum multiple offender sentence is excessive. He also argues in a supplemental assignment of error that the trial court was unaware of the sentencing alternatives when it denied his motion to reconsider sentence.
 

 First, defendant argues his 15-year mandatory minimum multiple offender sentence is excessive and that he is entitled to a downward deviation under
 
 State v. Dorthey,
 
 623 So.2d 1276 (La.1993). He contends the trial court erred in denying his motion to reconsider sentence because it failed to consider all the mitigating factors, including the fact his convictions were for minor drug offenses, the penalties for his crime were legislatively reduced after his conviction, and that he was fully rehabilitated after his conviction. Defendant also maintains the trial | Judge denied the motion to reconsider sentence because he mistakenly believed he could not deviate from the mandatory minimum. The State responds that defendant is precluded from appealing his sentence because it was imposed in conformity with a plea agreement.
 

 Under LSA-C.Cr.P. art. 881.2(A)(2), a defendant “cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea.” This Court has consistently recognized that this Article precludes a defendant from seeking
 
 *1132
 
 review of an enhanced sentence to which the defendant agreed prior to pleading guilty.
 
 State v. Moore,
 
 06-875, p. 15 (La. App. 5 Cir. 4/11/07), 958 So.2d 36, 46.
 

 Defendant admits his sentence was the result of a plea bargain but maintains the plea bargain was invalid and, therefore, LSA-C.Cr.P. art. 881.2 does not apply. Defendant seems to claim both his guilty plea to the underlying charges and to the multiple bill were invalid because he was not advised of the charges against him and the trial court failed to determine whether he understood the charges against him as required by LSA-C.Cr.P. art. 556.1. Defendant relies on
 
 State v. Reynolds,
 
 98-170 (La.App. 5 Cir. 7/28/98), 716 So.2d 485,
 
 writ granted and decision vacated by,
 
 98-2281 (La.4/16/99), 733 So.2d 1191, in support of his argument that his guilty plea was invalid.
 

 In
 
 Reynolds,
 
 this Court determined that the failure of the trial court to advise the defendant of the nature of the charge to which he pled in violation of LSA-C.Cr.P. art. 556.1 was a reversible error patent. This Court found there was no evidence in the record that defense counsel, the trial court, the State’s attorney, or anyone else discussed the nature of the crime with the defendant. As such, this Court vacated the defendant’s guilty plea. Without reaching. the merits, the Louisiana Supreme Court granted writs and set aside this Court’s opinion on the 15basis the defendant filed an affidavit indicating he wished to retain the benefits of his plea agreement.
 
 State v. Reynolds,
 
 98-2281 (La.4/16/99), 733 So.2d 1191, 1192 (per curiam).
 

 Since
 
 Reynolds,
 
 it has been established that violations of LSA-C.Cr.P. art. 556.1 that do not rise to the level of
 
 Boykin
 
 violations are subject to harmless error analysis.
 
 State v. Guzman,
 
 99-1753, p. 12 (La.5/16/00), 769 So.2d 1158, 1165-66;
 
 State v. Forrest,
 
 04-43, p. 4 (La.App. 5 Cir. 5/26/04), 876 So.2d 187, 190. Thus, a violation of Article 556.1 does not automatically render a guilty plea invalid.
 

 LSA-C.Cr.P. art. 556.1(A)(1) provides that, prior to accepting a guilty plea, the court must personally inform the defendant of the nature of the charge to which the plea is offered, any mandatory minimum penalty and the maximum possible penalty. The test for the validity of a guilty plea does not depend on whether the trial court specifically informed the defendant of every element of the offense. Rather, the defendant must establish that he lacked awareness of the essential nature of the offense to which he was pleading.
 
 State v. Forrest, supra
 
 at 3-4, 876 So.2d at 189-190. To determine whether a violation of Article 556.1 is harmless, the proper inquiry is whether the defendant’s knowledge and comprehension of the full and correct information would have likely affected his willingness to plead guilty. Id. at 4, 876 So.2d at 190,
 
 citing State v. Guzman, supra
 
 at 11, 769 So.2d at 1165.
 

 In
 
 Forrest, supra,
 
 the defendant pled guilty to armed robbery. He argued his guilty plea was invalid because he was not advised of the elements of the crime as required by Article 556.1. This Court concluded the record clearly reflected the defendant was aware of the nature of the charge and the consequences of pleading guilty to the charge. This Court noted the trial court informed the defendant he was pleading guilty to armed robbery, the trial court personally questioned | ^defendant regarding the waiver of his
 
 Boykin
 
 rights, and the prosecutor recited facts he would prove at trial. This Court also noted the defendant was represented by counsel and that he stated he had discussed the charge with his attorney and that he understood the nature of the charge.
 
 Id.
 
 at 5, 876 So.2d at 190. This Court further conclud
 
 *1133
 
 ed the defendant had not shown any prejudice.
 

 Also, in
 
 State v. Perrilloux,
 
 01-509, pp. 4-8, (La.App. 5 Cir. 11/14/01), 802 So.2d 772, 775-77, the defendant argued the guilty plea colloquy did not adequately show he had an understanding of the offense for which he was charged. The trial court explained to the defendant that he was pleading guilty to possession of stolen things and the prosecutor told the trial court what it would prove at trial. This Court noted that defendant failed to ask any questions during the plea colloquy or give any indication that he did not understand the nature of the charge. This Court concluded the defendant was adequately aware of the nature of the charge.
 

 In the present case, during the plea colloquy, the trial court informed defendant he was pleading guilty to two counts of LSA-R.S. 40:967(A) and the mandatory minimum and maximum sentences for each count. The trial court also personally questioned defendant regarding the waiver of his
 
 Boykin
 
 rights. At no time during the plea colloquy did defendant ask any questions or indicate to the trial court that he did not understand the nature of the charges. Additionally, defendant was represented by counsel and stated he was satisfied with the way defense counsel had handled his case.
 

 Although the State did not provide a factual basis for the charges, a factual basis is not required to satisfy the requirement that a defendant be advised of the nature of the charge to which he is pleading.
 
 See State v. Johnson,
 
 08-449, p. 4 (La.App. 5 Cir. 12/16/08), 3 So.3d 17, 19;
 
 State v. Estes,
 
 42,093, 11 (La.App. 2 Cir. 5/9/07), 956 So.2d 779, 787,
 
 unit denied,
 
 07-1442 (La.4/4/08), 978 So.2d 324, and
 
 State v. Whiddon,
 
 99-1, pp. 3-4 (La. App. 3 Cir. 6/2/99), 741 So.2d 797, 800.
 

 It is noted that neither the waiver of rights form nor the plea colloquy specifically advises defendant that he was pleading guilty to possession with intent to distribute cocaine and hydrocodone. Rather, the only reference to the nature of the charges to which defendant was pleading was to the statutory citations.
 

 In
 
 Whiddon, supra
 
 at 4, 741 So.2d at 800, the Third Circuit explained that Article 556.1 is based on Rule 11 of the Federal Rules of Criminal Procedure. Citing federal jurisprudence, the Third Circuit explained that, in a case involving a simple charge, the requirement that a defendant be advised of the nature of the charge is usually satisfied with a reading of the indictment followed by an opportunity for the defendant to ask questions about it. In the present case, the transcript of the plea colloquy does not show the bill of information was read to defendant.
 

 While it is arguable that the trial court failed to ascertain that defendant understood the nature of the underlying charges to which he was pleading in accordance with LSA-C.Cr.P. art. 556.1, defendant does not allege any misunderstanding as to the nature of the charges to which he pled or that he did not intend to plead guilty. Rather, defendant asserts the argument of non-compliance with LSA-C.Cr.P. art. 556.1, for the first time on appeal, solely in an apparent attempt to circumvent LSA-C.Cr.P. art. 881.2, which prohibits appellate review of a sentence imposed in conformity with a valid plea agreement. In fact, in his appellate brief, defendant never asks that his guilty plea be set aside but instead asks that his sentence be vacated as constitutionally excessive and the matter remanded for resentencing.
 

 |sThe record does not show that defendant lacked awareness of the nature of the offenses to which he was pleading. Consistently throughout the plea colloquy,
 
 *1134
 
 defendant indicated he understood he was pleading guilty to two offenses under LSA-R.S. 40:967(A) and that he understood the consequences of his plea. Defendant never asked any questions throughout the plea colloquy or expressed any confusion. He denied any force or coercion had been used against him in obtaining the guilty plea. Additionally, the record clearly reflects that defendant was properly
 
 Boykinized.
 
 Thus, it appears any error in the trial court’s failure to comply with Article 556.1 in ascertaining defendant’s understanding of the nature of the two underlying charges to which he was pleading guilty was harmless.
 

 Defendant also argues his multiple offender adjudication was invalid because the trial court did not adequately explain the nature of the charges against him. In a multiple offender proceeding, a trial court must advise a defendant of his right to a hearing at which the State is required to prove the allegations of the multiple bill and of his right to remain silent. LSA-R.S. 15:529.1(D);
 
 State v. Perrilloux, supra
 
 at 9, 802 So.2d at 777. If the record reflects the defendant was advised of his rights by the trial court and/or his attorney, then the defendant intelligently waived his rights.
 
 Id.
 

 At the multiple offender hearing, the trial court advised defendant that he was being charged under LSA-R.S. 15:529.1 as a second felony offender. The trial court then informed defendant of his right to a hearing and right to remain silent. The trial court asked him if he understood that he was giving up those rights, to which defendant affirmatively answered. Additionally, defendant executed a waiver of rights form that also showed defendant was stipulating to his status as a second felony offender and that he was waiving his right to a hearing and right to remain silent. The colloquy between the defendant and the trial court and the |flexecuted waiver of rights form show that defendant knowingly and voluntarily waived his rights prior to admitting the allegations contained in the multiple offender bill of information.
 

 During the multiple offender plea colloquy, the trial court explained defendant’s sentencing range as a multiple offender was 15 to 60 years and that defendant would receive 15 years concurrent with any other sentence he was serving. The waiver of rights form executed by defendant shows he would receive a 15-year sentence in exchange for his stipulation of being a second felony offender. Thus, defendant received a sentence that was “imposed in conformity with a plea agreement which was set forth in the record at the time of the plea.”
 
 See
 
 LSA-C.Cr.P. art. 881.2(A)(2). As such, he is barred
 
 from
 
 challenging the excessiveness of his multiple offender sentence on appeal.
 
 See State v. Hines,
 
 07-312, p. 6 (La.App. 5 Cir. 10/30/07), 970 So.2d 1134, 1138.
 

 We find no merit to defendant’s assignments of error since he is barred from challenging his enhanced sentence, which was imposed pursuant to a valid plea bargain, on appeal. Therefore, we affirm defendant’s sentence.
 

 ERROR PATENT DISCUSSION
 

 The record was reviewed for errors patent, according to LSA-C.Cr.P. art. 920;
 
 State v. Oliveaux,
 
 312 So.2d 337 (La.1975);
 
 State v. Wetland,
 
 556 So.2d 175 (La.App. 5 Cir.1990).
 

 The trial court imposed an illegally lenient enhanced sentence, although no corrective action is required. LSA-R.S. 15:529.1(G) requires that all habitual offender sentences be served without the benefit of probation or suspension of sen
 
 *1135
 
 tence. Additionally, the underlying statute, LSA-R.S. 40:967(B), requires the restriction of parole for the first five years. The trial court failed to impose these restrictions when sentencing defendant as a multiple offender. Under LSA-R.S. 15:301.1 and
 
 State v. Williams,
 
 00-1725 (La.11/28/01), 800 So.2d 790, a statute’s requirement that a defendant be sentenced without benefit of parole, probation or suspension of sentence is self-activating. Therefore, no corrective action of this sentence is necessary.
 

 Accordingly, we affirm the defendant’s sentence and the trial court’s judgment denying defendant’s motion to reconsider sentence.
 

 AFFIRMED.